UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL CASE NO. 04-11-DLB**

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.

MICHAEL HUFF                                                                                              DEFENDANT

**REPORT AND RECOMMENDATION**

**CRIMINAL CASE NO. 16-5-DLB**

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.

MICHAEL HUFF                                                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On February 17, 2016, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Reports that Defendant Michael Huff had violated conditions of his supervised release in both of the above cases. Defendant was present in Court and represented by Frank Mungo, and the Government was represented by Assistant U.S. Attorney (AUSA) Anthony J. Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-04-cr-11-and 2:16-cr-5-DLB-CJS-20160217-095844; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to Violations 1 and 3 as set forth in the November 12, 2015, Violation Report in case number 04-cr-11, and the February 16, 2016, Violation Report in case

number 16-5; however, Violation 1 is amended to be charged as a Grade B violation. In addition, Defendant agreed to waive allocution and his right to appeal any sentence ultimately imposed by presiding District Judge Bunning to the extent that said sentence is consistent with the undersigned's Report and Recommendation. In exchange, the Government agreed to move to dismiss Violation 2, and recommend a sentence of 37 months of imprisonment in case number 04-cr-11 and 24 months of imprisonment in case number 16-cr-5, to run concurrently, with no supervision to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to a 37-month term of imprisonment in case number 04-cr-11 and a 24-month concurrent term of imprisonment in case number 16-cr-5, for a total term of imprisonment of 37 months, with no supervised release to follow.**

I.      Procedural Background

On May 18, 2004, Defendant pleaded guilty in case number 04-cr-11 to conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841, 846. (R. 46). On August 27, 2004, Defendant was sentenced to 168-month term of incarceration with 8 years of supervised release to follow. (R. 96). On May 21, 2009, the presiding District Judge granted Defendant's Motion for Retroactive Application of the Sentencing Guideline Amendments and reduced his sentence to 135 months. (R. 126, 155). On January 16, 2013, Defendant was once again given the benefit of Amendments to the Sentencing Guidelines, and his sentence was further reduced to 122 months. (R. 155).

On August 6, 2010, Defendant entered a guilty plea in the United States District Court for the Western District of Oklahoma to a charge of forcibly assaulting an employee of the Federal

Transfer Center. (Case. No. 10-cr-94 (W.D. Okla.)). On November 22, 2010, Defendant was sentenced in that Court to a 30-month term of imprisonment to run consecutive to the sentence imposed by the Eastern District of Kentucky, with a concurrent 3-year term of supervised release to follow.

On May 12, 2015, Defendant was released from prison to begin his term of supervision in both cases. (R. 156). On October 21, 2015, Huff was charged with domestic violence and theft in Hamilton County, Ohio. While arresting Huff on these charges, Huff was found to be in possession of heroin and was charged with possession and trafficking of drugs. Defendant pleaded guilty to aggravated possession of drugs, and the remaining charges were dismissed. The Hamilton County, Ohio court has set the matter for sentencing on March 1, 2016.

On October 28, 2015, the United States District Court for the Western District of Oklahoma transferred Defendant's supervision to the United States District Court for Southern District of Ohio because he was residing in Ohio. (Case No. 1:15-cr-5). On February 12, 2016, the Southern District of Ohio transferred jurisdiction of Defendant's supervision on the Oklahoma conviction to this Court, case number 16-cr-5. Accordingly, this Court now has jurisdiction over Defendant's supervised release for both his Western District of Oklahoma conviction as well as on his conviction in this Court.

Defendant stands before this Court charged with violations of his conditions of supervised release in both cases. The charged violations were presented to the Court via the Probation Officer's November 12, 2015, Violation Report in case number 04-cr-11, and his February 16, 2016, Violation Report in case number 16-cr-5. As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead

3

guilty to Violations 1 and 3 as set forth in the Violation Reports except that Violation 1 would be admitted as a Grade B violation. In exchange, the government would move to dismiss Violation 2, and the parties agreed on a recommended sentence of 37 months of incarceration in case number 04-cr-11 and 24 months of incarceration in case number 16-cr-5 to run concurrently, for a total term of imprisonment of 37 months, with no supervision to follow.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range for each case. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentences to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to Violation 1 (as orally amended) and Violation 3 as set forth in both the November 12, 2015, Violation Report in case number 04-cr-11 and the February 16, 2016, Violation Report in case number 16-cr-5. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

> **Violation #1**: The defendant shall not commit another federal, state or local crime (Grade B Violation).

On October 21, 2015, Defendant was charged with domestic violence and theft in Hamilton County, Ohio. He was also charged with possession of drugs and trafficking in drugs when police found him to be in possession of heroin and within 1000 feet of a school. On December 8, 2015, the domestic violence and theft charges were dismissed without prejudice. On February 9, 2016, Defendant pled guilty to aggravated possession of drugs, a 5th degree felony, and the remaining charges were dismissed. Defendant was released on an own recognizance bond and his sentencing was set for March 1, 2016.

Defendant admitted that his guilty plea in state court to another crime constitutes a violation of a condition of his federal supervision. The parties agree that Defendant's commission of aggravated possession of drugs constitutes a Grade B violation of his condition of supervision that he not commit another federal, state or local crime.

> **Violation #3**:  The defendant shall refrain from any unlawful use of a controlled substance. (Grade C Violation).

Defendant admitted to using controlled substances while on supervised release as evidenced by five drug screens that all tested positive for marijuana.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charge knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to Violation 1 as amended to a Grade B violation and Violation 3, the undersigned finds and will recommend that the District Court find that Defendant has violated conditions of his supervised release as charged. **Defendant has waived his right to allocution, and he waived his right to appeal a sentence ultimately imposed that is consistent with the undersigned's Report and Recommendation.** The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.     Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

5

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Looking first at case number 04-cr-11, classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 5 years, his underlying offense in that case being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline Section 7B1.4(a) suggests a revocation range of imprisonment of 21 to 27 months, based upon Defendant's criminal history category of VI and his highest

supervised release violation as amended being a Grade B violation.[1] In addition, Defendant may also be placed back on supervised release following any term of imprisonment that was to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(A).

Further, classification of Defendant's underlying criminal offense in case 16-cr-5 results in a maximum term of incarceration upon revocation of his supervised release of 24 months, his underlying offense in that case being a Class D felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline Section 7B1.4(a) suggests a revocation range of imprisonment of 21 to 27 months, based upon Defendant's criminal history category of VI and his highest supervised release violation being a Grade B violation.[2] Because the statutory maximum term of incarceration this Court may impose is 24 months, see 18 U.S.C. § 3583(e)(3), the sentencing range is effectively 21-24 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is 3 years, less any term of imprisonment imposed upon revocation of his supervised release. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 37 months of incarceration in case number 04-cr-11 and 24-months of incarceration in case number 16-cr-5 to run

---

[1]Had the parties not agreed to amend Violation 1 to reflect a Grade B violation, Defendant was looking at a guideline range of 51-63 months for a Grade A violation committed while he was serving a term of supervised release for a Class A felony. Because the statutory maximum term of incarceration this Court may impose is 5 years, *see* 18 U.S.C. § 3583(e)(3), had Violation 1 remained as originally charged as a Class A violation, the sentencing range would have effectively been 51-60 months.

[2]Without an agreement to permit Defendant to plead to Violation 1 as a Grade B violation, his guideline range would be 33-41 months for a Grade A violation. However, because the statutory maximum term of incarceration this Court may impose is 24 months, *see* 18 U.S.C. § 3583(e)(3), had Violation 1 remained a Class A violation, Defendant would be still face a sentencing range of 21-24 months.

concurrent, for a total term of incarceration of 37 months, with no supervised release to follow. Counsel explained the recommendation is an upward departure based on the amended Grade B violation, but the recommended sentence is not so high as to fall within the range that would have been applicable had Violation 1 remained a Grade A violation. In fact, as noted in footnote 1 above, had Violation 1 remained a Grade A violation, Defendant would be looking at a sentencing range of 51 to 60 months of incarceration in case 04-cr-11. AUSA Bracke stated a 37-month sentence demonstrates the severity of the violations, and is sufficient, but not greater than necessary. Defense counsel acknowledged the agreed upon sentence was a fair resolution of the violations. Further, both counsel agreed a concurrent sentence is appropriate given that the charges in both cases were based on the same set of circumstances.

AUSA Bracke also stated he did not believe further supervised release was appropriate given the short period of time Defendant had been on supervision, and the nature of the events that have transpired since his release. In addition, defense counsel noted Defendant still has the sentencing on the state charges pending, for which he is expected to be sentenced to a period of probation.

The Probation Officer also concurred in the recommended sentence of a total term of incarceration of 37 months with no supervision to follow. Defendant elected not to allocute before the undersigned.

Upon consideration of the entire record, including the November 12, 2015, Violation Report in case number 04-cr-11, and the February 16, 2016, Violation Report in case number 16-cr-5, the sentencing materials from the underlying Judgment in this District and from the Western District of Oklahoma, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of a total term of 37

8

months of incarceration is appropriate. While 37 months is an upward deviation from the guideline range in 04-cr-11, the parties negotiated a reduction in the violation level for Violation 1 understanding that they would present a recommendation for a total term of imprisonment of 37 months. Both parties and probation concur in the recommended sentence, and the undersigned finds a total term of 37 months of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553. Further, a concurrent sentence is also appropriate given the same set of circumstances underlie the violations in both cases.

In addition, the Court agrees with the Probation Officer and counsel that Defendant has proven himself not to be a good candidate for supervision. Defendant was on supervision for less than six months when he was arrested on state charges. He has demonstrated he has difficulties in conforming his behavior to the requirements of his supervised release. Further, the nature of his circumstances and the likelihood that he will be placed on probation by the state court demonstrate the services of the U.S. Probation Office are better utilized elsewhere.

Lastly, Defendant has requested that the Court recommend that he be placed at the federal correctional facility located in Manchester, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III.  Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to the violations knowingly and voluntarily; and the undersigned having

9

considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel; **IT IS RECOMMENDED** that:

1. The District Court grant the Government's oral motion to dismiss Violation 2 as set forth in the November 12, 2015, Violation Report in case number 04-cr-11, and the February 16, 2016, Violation Report in case number 16-cr-5;

2. Defendant **MICHAEL HUFF** be found to have **violated** the terms of his supervised release as set forth in Violation 1 as amended and Violation 3 of the November 12, 2015, Violation Report in case number 04-cr-11 and the February 16, 2016, Violation Report in case number 16-cr-5;

3. Defendant's supervised release be **revoked;**

4. Defendant be sentenced to the custody of the Attorney General for a 37-month term of imprisonment in case 04-cr-11 and a 24-month term of imprisonment in case number 16-cr-5 to run concurrently, for a **total term of incarceration of 37 months,** with **no term of supervised release to follow**; and

5. The District Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility in Manchester, Kentucky, for service of the sentence imposed.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation and entry of a final order and judgment, as Defendant has waived his right to allocute and both parties have waived the period for filing objections hereto.

Dated this 7th day of March, 2016.



Signed By:
_Candace J. Smith_
**United States Magistrate Judge**